**BONNER C. WALSH**
Idaho State Bar ID Number 9646
WALSH PLLC
PO Box 7
Bly, Oregon 97622
bonner@walshpllc.com
Phone 541.359.2827
Facsimile 866.503.8206

**MARK J. GERAGOS** (*pro hac vice* to be filed)
**BEN J. MEISELAS** (*pro hac vice* to be filed)
Geragos & Geragos, APC
Historic Engine Co. No. 28
644 South Figueroa Street
Los Angeles, California 90017
geragos@geragos.com
Phone 213-625-3900

Attorneys for Plaintiff MANDI HANIFEN, individually and as the representative of a class
of similarly-situated persons

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

## SOUTHERN DIVISION

| | |
|---|---|
| MANDI HANIFEN, individually and as the representative of a class of similarly-situated persons; <br><br>       Plaintiff, <br><br>       vs. <br><br> CENTURYLINK, INC., a Louisiana corporation; CenturyTel of the Gem State, Inc., an Idaho corporation; CenturyTel of Idaho, Inc., a Delaware corporation, and DOES 1 through 50, inclusive; <br><br>       Defendants. | Case No.: 1:17-CV-267 <br><br> **PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT AND JURY DEMAND** <br><br> 1. **FRAUD** <br> 2. **VIOLATIONS OF IDAHO CONSUMER PROTECTION ACT** <br> 3. **UNJUST ENRICHMENT** <br><br><br> <u>**DEMAND FOR JURY TRIAL**</u> |

Plaintiff MANDI HANIFEN, individually and as the representative of a class of similarly-situated persons, alleges as follows:

1.      On June 14, 2017, former CenturyLink employee Heidi Heiser courageously filed a whistleblower complaint in the Superior Court of Arizona alleging that she was terminated for reporting to her supervisors and the CEO unlawful billing practices she observed and refused to take part in as a sales representative.

2.      Ms. Heiser's allegations of what she observed, and what the CenturyLink corporate culture encouraged, are consistent with the experiences of hundreds of thousands and potentially millions of consumers who have been defrauded by CenturyLink.   It is estimated that the damages to consumers could range between $600 million and $12 billion, based on CenturyLink's 5.9 million subscribers.

3.      A digital revolt against CenturyLink's fraud has been fomented by subscribers on social media and consumer watchdog websites.

4.      By way of example, the following consumer complaints are emblematic of CenturyLink's fraudulent practices:



5.      As discussed further below, Plaintiff Mandi Hanifen terminated her service with CenturyLink in December 2015 as a result of fraudulent representations by CenturyLink regarding its internet speeds and poor customer service. Upon terminating CenturyLink's services, Ms. Hanifen's account reflected – as she confirmed with CenturyLink – that she had a $26.00 credit she was owed.  Ms. Hanifen expected to receive a refund check. Ms. Hanifen received no additional bills from CenturyLink.  In May 2016, at the same time Ms. Hanifen and her husband were looking to purchase their dream home, her credit monitoring service reported a negative credit report, eventually traced to CenturyTel which she learned to be CenturyLink.  Ms. Hanifen informed CenturyLink that her balance was settled, that CenturyLink owed her money, and that at the very least she received no bills from CenturyLink or collection letters reflecting any amount owed.  CenturyLink has refused to remove the fraudulent charge, has refused to remove the negative credit report, and has held Ms. Hanifen as a financial hostage to its fraudulent scheme.

6.      Other outraged subscribers have posted the following communication on social media:



7.      Subscribers also post their written communications complaining of CenturyLink creating and billing for duplicate accounts.  Upon complaining, CenturyLink blamed the subscriber or implied that the subscriber was somehow under "fraud review." For example, one subscriber posted the following communication regarding CenturyLink's duplicative billing:



8.      These screenshots are not outliers.  Defrauded consumers have posted many thousands of written complaints against CenturyLink's unlawful practices across the far

reaches of the internet—from Consumer Affairs' website to Reddit message board threads to Facebook posts on local and national media outlets.

9.      Searching Twitter and Facebook under searches that include the word "CenturyLink" with any number of additional keywords—"class action," "scam," "fraud," "ripoff," and "bill"—provides unprecedented levels of discord, desperation, and demands from victims to remedy CenturyLink's unlawful practices.   Further, a search on Google of "CenturyLink Complaints," provides similar results.

10.     Upon information and belief, at least one State's Attorney General has investigated and entered into an "assurance of discontinuance" with CenturyLink which prohibits the conduct described herein, however the conduct remains ongoing.

11.     The offending and unlawful conduct by CenturyLink, throughout the United States, includes, but is not limited to:

- Billing consumers for phone lines or service items never requested by consumers;

- Billing consumers higher rates than the rates quoted during sales calls;

- Billing consumers early termination fees when they cancelled the services due to higher rates;

- Billing consumers when they cancelled their service upon learning the quality was not how CenturyLink had represented it;

- Billing consumers for periods of service before the service was connected, products never received, and consumers received no credit for these charges;

- Billing consumers for services and products that the consumer never requested without giving the consumer a credit for these charges;

- Failing to process consumers' service cancellation requests in a timely manner and billing them for the period of the time the service remained connected following the request for cancellation, without providing a credit for this time period; and

- Charging consumers full price for leased modems that consumers returned to CenturyLink within the required timeframe, and then referring the consumers account to collections when the consumer refused to pay for the returned modem.

- Sending consumers to collection and destroying their credit based on any number of the above conduct.

**[MANDI HANIFEN – LEAD CLASS REPRESENTATIVE FOR IDAHO]**

12.     Mandi Hanifen is now 36 years old and is employed by the State of Idaho.  She resides in Ada County, Idaho.  Ms. Hanifen has lived in Idaho for approximately 18 years.

13.     Starting 2008 Ms. Hanifen purchased CenturyLink Internet services and shortly thereafter purchased a bundled package with internet service and DIRECTV.

14.     In 2009, Ms. Hanifen moved from an apartment to a new home in Idaho, and had to start a new billing cycle with CenturyLink based on moving to the new home.  Based on her evolving needs, Ms. Hanifen attempted to, and believed she was purchasing and upgrading her services with CenturyLink to their premier internet package, of approximately 80 mbps.

15.     Despite the representations by CenturyLink agents that she would receive speeds of approximately 80 mbps, on or around late 2014 – following multiple calls to CenturyLink agents and home visits from CenturyLink technical support – Ms. Hanifen learned that based on her neighborhood's lack of fiber optic network – she could not, nor was it even possible for her home to achieve anywhere near the internet speeds she was promised by CenturyLink agents when she initially upgraded. Ms. Hanifen learned that CenturyLink sales agents engaged in false and fraudulent sales representations in selling her the upgraded package.

16.     Based on these false representations, Ms. Hanifen canceled her services with CenturyLink in December 2015.  When she canceled, Ms. Hanifen was assured that not only was there no further amounts she owed CenturyLink, but that she herself was owed a credit of

$26 from CenturyLink which would be paid to her. Ms. Hanifen was pleased to have nothing to do with CenturyLink ever again.

17.     However, on or around May 2016, Ms. Hanifen's credit monitoring services alerted her to a negative credit report. The negative credit report purported to relate to services from "CenturyTel," which at first Ms. Hanifen could not even identify who this entity was or who to call to address the clearly false credit report.  Ms. Hanifen later discovered that CenturyTel was a different corporate name for CenturyLink and that CenturyLink had reported her to collections. Ms. Hanifen was shocked and horrified by CenturyLink referring her to collections since not only was her balance settled, but Ms. Hanifen was told she was owed $26 from CenturyLink.  Further, Ms. Hanifen had not received any bills, letters, or attempts at collection for these phantom charges and she had not changed her email address or home address since terminating CenturyLink's services.

18.     CenturyLink's conduct in reporting Ms. Hanifen for fraudulent charges, and charges it never sent her a bill for, has had significant and devastating implications to her financial well-being, as it has substantially harmed and prevented Ms. Hanifen and her husband from purchasing their dream home based on the negative credit reporting.

19.     Worse yet, CenturyLink has refused to remove the negative credit reporting, and has demanded Ms. Hanifen make payment on a bill she never received.  Confronted with its fraud, CenturyLink agents recently purported to produce an undated bill Ms. Hanifen never received for $127.00.

### [EXPERIENCE OF OTHER IDAHO CONSUMERS]

20.     Undersigned counsel has received a massive and unprecedented response from Idaho consumers who similarly allege they have been defrauded by CenturyLink.  From the countless emails and inquires undersigned counsel has received and investigated, a frightening common link has emerged in Idaho wherein CenturyLink not just fraudulently bills consumers, but of engaging in unlawful collection practices relating to those fraudulent bills and charges

that have destroyed the financial well-being of consumers and families in Idaho and their ability to make integral transaction in other areas of their lives.

21.    Further, the allegations made by these consumers are consistent with an outpouring of support from many whistleblowers and former employees at CenturyLink who report that they were required to engage in unethical sales tactics and "fishing" for upgrades, that their "promise tickets" of defrauded consumers went ignored by supervisors, and that sales agents working from call centers were rewarded for meeting sales quotas based on adding fraudulent charges and promising consumers internet speeds and bundled packages at fraudulent prices and promising consumers internet speeds that could not be delivered.

22.    Below is a small fraction of responses received from Idaho consumers sent to undersigned counsel with the common theme of CenturyLink billing false charges and then sending consumers into collections:



Name:
████

Email Address:
████hotmail.com

State:
Idaho

ZIP:
83617

Phone:
████

How would you like to be contacted? Check all that apply.:
E-mail

Brief description of your legal issue:
never the price i was promised and then added extra which was not ok and charged me because i didnt catch it by 3mo called to complain and resolve but no where cancelled service after 16 yrs bill of 200 plus in collection I will be damned if i pay it ever! ████

Name:
████

Email Address:
████

State:
Idaho

ZIP:
83647

Phone:
████

How would you like to be contacted? Check all that apply.:
E-mail

Brief description of your legal issue:
I would like to be part of the suit against Century link. I was charged for services in 2014 when my service had already been cancelled due to a move. I have tried to dispute this with them and they refused and sent it to collections

**Name:**

**Email Address:**


**State:**
North Dakota

**ZIP:**
58341

**Phone:**

**How would you like to be contacted? Check all that apply.:**
E-mail

**Brief description of your legal issue:**
Century Link class action. When I lived in Idaho I cancelled my service, returned my modem and was done with them due to moving states, and later found out they sent a bill to collections over unreturned modem even though I returned it.

**Name:**

**Email Address:**

**State:**
Idaho

**ZIP:**
83646

**Phone:**

**How would you like to be contacted? Check all that apply.:**
E-mail

**Brief description of your legal issue:**
Was charged for a year after discontinuing service with centurylink after multiple calls to resolve the issue. Was eventually reimbursed after threatening legal action but was still sent to collections and reported on credit reports.

**Name:**


**Email Address:**

**State:**
Idaho

**ZIP:**
83607

**Phone:**

**How would you like to be contacted? Check all that apply.:**
E-mail

**Brief description of your legal issue:**
Century link over charged me on my bill when my service was suspended. They sent me to collections for money I didn't owe them. I end up having to add them to my bankruptcy.

**Name:**

**Email Address:**

**State:**
Idaho

**ZIP:**
83634

**Phone:**

**How would you like to be contacted? Check all that apply.:**
E-mail

**Brief description of your legal issue:**
CenturyLink sent me to collections. I paid my bill and went to CableOne for my internet service. CenturyLink kept making new accounts for me. When I left them I paid in full my account.

**Name:**

**Email Address:**

**State:**
Idaho

**Phone:**

**How would you like to be contacted? Check all that apply.:**
E-mail

**Brief description of your legal issue:**
Wanting to join the class action lawsuit against Centurylink. They have messed with our bills for years. We received a bill with different account number and called in for months asking what it was, we were told that it was an accident and to disregard it. Next thing we know it is sent to collections. We have been having to waste our time to fight the collection. Most recently they put us into a contract when we specified that we didn't want to be in a contract.

**Name:**

**Email Address:**

**State:**
Idaho

**ZIP:**
83646

**Phone:**

**How would you like to be contacted? Check all that apply.:**
E-mail , Phone

**Brief description of your legal issue:**
I was reading the article on Centurylink and it is exactly what they did to me. I dont have much for documentation, but they actually submitted me to collections for non-payment of a contract I never accepted. Well, if anything- I am just pleased to see you guys file this lawsuit as I have wasted many hours of my life on my he phones with the people at Centurylink with no avail.



**Name:**
█████████

**Email Address:**
█████████████

**State:**
Idaho
**ZIP:**
83686
**Phone:**
████████

**How would you like to be contacted? Check all that apply.:**
E-mail

**Brief description of your legal issue:**
I was a customer for many years with Century Link. I bought a 4K TV. I called CL to confirm that I needed over 50K download speed. I was assured they did. I was offered a lower price which I accepted but NOTHING was ever stated about any agreement. Then I found the download speed was way below that promised me. I called and cancelled my account. Never received a bill. But 90 days later I find out they turned my account over to collections for two years of service.

**Name:**
████████████

**Email Address:**
██████████████

**State:**
Idaho
**ZIP:**
83313
**Phone:**
███████████

**How would you like to be contacted? Check all that apply.:**
E-mail , Phone

**Brief description of your legal issue:**
Centurylink scammed the crap out of me. When I moved into my new home in June of 2015 I wanted to find a lower internet service other than cox. I was paying over a 100$ a month with cox for basic cable and Internet. I got on the horn with centurylink which promised a lower bill, internet and virtually better channels. Of course I said let's do it. Come to find out that my town doesn't have a centurylink store and had no way of getting a centurylink router and modem to even be able to utilize my new services. Once I found this out I immediately called them and demanded that I be taken off the contract only then did I find out my service was the same price as cox only I couldn't even use it at this point plus they tacked on a landline that to this day they are still charging me for. The person whom I spoke with said I would not be charged for the contract and it would be terminated. Six months later I received a bill saying I was delinquent and being sent to collections. I wrote a letter on my own behalf explaining the situation and even demanded they pull the phone records of the said conversation of the employee who assured me it was canceled since I didn't have access to the proper equipment to even utilize their services. They refused and now It's affected my credit negatively kept me from getting a loan for a much needed vehicle. So upsetting they can get away with this crap. Please help!

## __PARTIES__

23.    Plaintiff Mandi Hanifen is a citizen of the State of Idaho who lives in Ada County, Idaho.  She is a qualified and appropriate representative of a group of customers of Defendant CenturyLink, Inc. who are similarly situated and have suffered harm in the same manner as Mandi Hanifen as a result of the actions and/or omissions of the Defendants.

24.    Defendant CenturyLink, Inc. is a Louisiana corporation doing business in the State of Idaho.  At all material times CenturyLink, Inc. has maintained operations throughout

this State, and has transacted business throughout this State. On information and belief, CenturyLink is a large corporate provider of phone and data transmission services, including telephone, high speed internet and television services to residential and commercial consumers throughout the United States, including in Idaho.  However, CenturyLink, Inc. does not maintain a registered agent in Idaho and may be served with process by serving its registered agent in Louisiana as follows: CT Corporation System, 3867 Plaza Tower Dr., Baton Rouge, LA 70816.

25.    Defendant CenturyTel of the Gem State, Inc. is an Idaho corporation registered to do business in the State of Idaho.  At all material times CenturyTel of the Gem State, Inc. has maintained legal authority to transact business in this State, has maintained operations throughout this State, and has transacted business throughout this State. On information and belief, CenturyTel of the Gem State, Inc. is a subsidiary of Defendant CenturyLink, Inc., a large corporate provider of phone and data transmission services, including telephone, high speed internet and television services to residential and commercial consumers throughout the United States, including in Idaho.  CenturyTel of the Gem State, Inc. may be served by serving its registered agent for service of process as follows: CT Corporation System, 921 S. Orchard St. STE G, Boise, ID 83705.

26.    CenturyTel of Idaho, Inc. is a Delaware corporation registered to do business in the State of Idaho.  At all material times CenturyTel of Idaho, Inc. has maintained legal authority to transact business in this State, has maintained operations throughout this State, and has transacted business throughout this State. On information and belief, CenturyTel of Idaho, Inc. is a subsidiary of Defendant CenturyLink, Inc., a large corporate provider of phone and data transmission services, including telephone, high speed internet and television services to residential and commercial consumers throughout the United States, including in Idaho. CenturyTel of the Idaho, Inc. may be served by serving its registered agent for service of process as follows: CT Corporation System, 921 S. Orchard St. STE G, Boise, ID 83705.

27.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names.  Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as DOES is legally responsible in some manner for the events and happenings referred to herein and caused injury and damage proximately thereby to Plaintiff as hereinafter alleged.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when the same have been fully ascertained.

28.     Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, each of the Defendants was the agent, servant, employee, co-venturer, and co-conspirator of each of the remaining Defendants, and was at all times herein mentioned acting within the course, scope, purpose, consent, knowledge, ratification, and authorization of and for such agency, employment, joint venture and conspiracy.

29.     Plaintiff is further informed and believes, and based thereon alleges, that at all relevant times, each Defendant was completely dominated and controlled by its Co-Defendants, and each was the alter ego of the other. Whenever and wherever reference is made in this Complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally. Whenever and wherever reference is made to individuals who are not named as Defendants in this Complaint, but were employees and/or agents of Defendants, such individuals at all relevant times acted on behalf of Defendants named in this Complaint within the scope of their respective employments.

## JURISDICTION AND VENUE

30.     This Court has original jurisdiction over this action under the *Class Action Fairness Act*, 28, U.S.C. § 1332(d), because this is a class action in which: (1) there are more than a one hundred and fifty (150) members in the proposed class; (2) various members of the proposed class are citizens of states different from where Defendants are citizens; and (3) the

amount in controversy, exclusive of interest and costs, exceeds $5,000,000.00 in the aggregate, and is preliminarily estimated to be between $600 million and $12 billion, based on CenturyLink's approximately 5 million broadband subscribers.

31.    In addition, this Court has supplemental jurisdiction over Plaintiff's state claims under 28, U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

32.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because: (i) Defendant is actively doing business in this State and subject to personal jurisdiction throughout the State; (ii) upon information and belief, Defendant transacts business in the State and in the District because it has contracted with residents of the District through its sales with residents of the District; (iii) upon information and belief Defendant has committed illegal acts in the District by and through its fraudulent sales and billing practices targeting residents of this district, and (iv) a substantial part of the events or omissions giving rise to the claim occurred in this District.  Idaho has an overriding interest in protecting consumers and in prohibiting corporations from carrying out fraud in its State and through interstate commerce.

## CLASS ACTION ALLEGATIONS

33.    Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this suit individually and as representatives of a class of similarly situated persons.  The court should enter an order to certify a plaintiff class as follows:

> All individuals who made a payment to CenturyLink from 2013 to the time of the filing of this complaint where charges were assessed that were not owed.

34.    Specifically excluded from the class are all Federal judges and members of their families within the first degree of consanguinity, and the officers, directors and counsel of record of Defendant, and all employees of any Defendant.

35.    This suit is maintainable as a class action under Fed. R. Civ. P. 23 (b)(2) because Defendant have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole.

36.    This suit is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

37.    This action is brought, and may properly be maintained, as a class action under Fed. R. Civ. P. Rule 23 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable. This action satisfies the predominance, typicality, numerosity, superiority, and adequacy requirements of these provisions.

(a) **Numerosity**: The plaintiff class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. While the exact number of Class Members is unknown to Plaintiff at this time, Plaintiff is informed and believes, and based thereon alleges, that hundreds of thousands of consumers have been victimized by CenturyLink's fraudulent practices.

(b) **Commonality**: Common questions of law and fact exist as to all members of the plaintiff class and predominate over any questions that affect only individual members of the class. The common questions of law and fact include, but are not limited to:

(i)    Whether Defendants made false representations about their telecommunications services;

(ii) If so, whether Defendants knew they were false or were reckless as to their veracity at the time they were made;

(iii) Whether Defendants negligently misrepresented various facts regarding its billing services; and

(iv) Whether Defendants breached any implied or explicit contractual obligations to subscribers or fraudulently engaged services and/or billed

services not being offered, not contemplated, or not agreed upon.

(c) **Typicality**: Plaintiff's claims are typical of the claims of the Class Members. Plaintiff and the members of the class sustained damages arising out of CenturyLink's wrongful and fraudulent conduct as alleged herein.

(d) **Adequacy**: Plaintiff will fairly and adequately protect the interests of the Class Members. Plaintiff has no interest that is adverse to the interests of the other Class Members.

(e) **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Because individual joinder of all members of the class is impractical, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense that numerous individual actions would engender. The expenses and burdens of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action. The cost to and burden on the court system of adjudication of individualized litigation would be substantial, and substantially more than the costs and burdens of a class action. Class litigation would also prevent the potential for inconsistent or contradictory judgments.

(f) **Public Policy Considerations**: When a company or individual engages in fraudulent and predatory conduct with large swaths of consumers, it is often difficult or impossible for the vast majority of those consumers to bring individual actions against the offending party.  Many consumers are either unaware that redress is available, or unable to obtain counsel to obtain that redress for financial or other reasons. Class actions provide the class members who are not named in the complaint with a vehicle to achieve vindication of their rights. The members of the class are so numerous that the joinder of all members would be impractical and the disposition of

their claims in a class action rather than in individual actions will benefit the parties and the court.  There is a well-defined community of interest in the questions of law or fact affecting the Plaintiff Class in that the legal questions of fraud, breach of contract, and other causes of action, are common to the Class Members.  The factual questions relating to CenturyLink's wrongful conduct and their ill-gotten gains are also common to the Class Members.

(g) **Individual control**.    The interests of members of the class in individually controlling the prosecution or defense of separate actions do not outweigh the benefits of class treatment.  Members of the class possess claims for economic damages that in most instances do not exceed a few thousand dollars.  Thus, no individual class member possesses an overriding interest in the right to retain counsel and litigate to conclusion an individual claim.  In fact, individual adjudication of these claims remains wholly impractical.    The class members would be compelled to spend substantially more money on attorney's fees and case costs to prosecute their individual claim than the amount of each individual claim.  The interest of members of the class in individually controlling the prosecution or defense of separate actions, therefore, does not outweigh the benefits of class treatment.

(h)**Injunctive and Declaratory Relief Appropriate.**    Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis.  Moreover, on information and belief, the sales practices made by Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION

### FRAUD

### *(By Plaintiff Individually and On Behalf of All Class Members*

### *Against All Defendants)*

38.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

39.    As alleged hereinabove, CenturyLink, through its employees and agents, has engaged in a pattern and practice of fraudulent activity, including but not limited to affirmative misstatements of fact and fraud by omission of other material facts.

40.    Specifically, on information and belief, CenturyLink agents took orders or service requests and represented to the customers making such requests that they were fulfilling the requests and assigning just those services the customers had requested.

41.    On information and belief, such agents knew at the time they made such representations, or at times thereafter, that they were actually engaging in unlawful conduct as described above.

42.    Defendants were aware of the falsity of the representations alleged herein or the falsity of the perceptions created by the omissions alleged herein.

43.    Plaintiff and class members were not aware of the falsity of the representations or of the falsity of the perceptions created by the omissions alleged herein.

44.    Defendants intended that Plaintiff and class members rely upon the false representations and/or omissions alleged herein.

45.    The misrepresentations and/or omissions were material to Plaintiff and class members in making decisions about opening accounts and purchasing services from Defendants, including decisions whether to continue doing business with CenturyLink.

46.    Plaintiff did actually rely upon the false representations and/or omissions and such reliance was justifiable and reasonable under the circumstances.

47.     Plaintiff was harmed as a result of his reliance and has suffered economic losses. Plaintiff is entitled to recover damages against Defendant for such losses.

48.     In engaging in the conduct as hereinabove alleged, Defendants engaged in oppressive, fraudulent, malicious and/or outrageous conduct, thereby warranting an assessment of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar conduct.  Though this is already demonstrable by clear and convincing evidence, pursuant to Idaho Code § 6–1604, Plaintiff will amend at a later time to seek punitive damages.

## SECOND CAUSE OF ACTION

### VIOLATIONS OF IDAHO CONSUMER PROTECTION ACT

*(By Plaintiff Individually and On Behalf of All Class Members*
*Against All Defendants)*

49.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

50.     Defendants are "person[s]" under the Idaho Consumer Protection Act ("Idaho CPA"), Idaho Code § 48-602(1).

51.     Defendants' acts or practices as set forth above occurred in the conduct of "trade" or "commerce" under Idaho Code § 48-602(2).

52.     Defendants participated in misleading, false, or deceptive acts that violated the Idaho CPA.

53.     In the course of their business, Defendants concealed and suppressed material facts concerning their billing practices and the costs of their telecommunications services provided to consumers. Defendants accomplished this by fraudulently overcharging consumers for various telecommunications services, and then inserting these charges into billing statements in a way that was not easily discovered, thereby misleading consumers and government entities alike.

54.    Defendants thus violated the Act by, at minimum: (1) representing that they will charge consumers fixed prices for telecommunications services; (2) advertising its telecommunications services at fixed prices with the intent to then charge more than advertised; (3) engaging in acts or practices which are otherwise misleading, false, or deceptive to the consumer; and (4) engaging in any unconscionable method, act or practice in the conduct of trade or commerce. *See* Idaho Code § 48-603.

55.    As a direct and proximate result of these acts and omissions, Plaintiff and class members have suffered injury and actual out-of-pocket losses.

56.    Pursuant to Idaho Code § 48-608, Plaintiff seeks monetary relief against Defendants measured as the greater of (a) actual damages in an amount to be determined at trial and (b) statutory damages in the amount of $1,000 for each Plaintiff and class member. Plaintiff also seeks an injunction against Defendants under this section, enjoining them from future violative practices of the Idaho Consumer Protection Act.

57.    In engaging in the conduct as hereinabove alleged, Defendants engaged in oppressive, fraudulent, malicious and/or outrageous conduct, thereby warranting an assessment of punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar conduct.  Though this is already demonstrable by clear and convincing evidence, pursuant to Idaho Code § 6–1604, Plaintiff will amend at a later time to seek punitive damages.

## THIRD CAUSE OF ACTION

### UNJUST ENRICHMENT

*(By Plaintiff Individually and On Behalf of All Class Members Against All Defendants)*

58.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

59.    As a result of Defendants unlawful and deceptive practices described above, Defendants have been unjustly enriched in retaining revenues derived from Plaintiff's and class members' payments for Defendants' services. Retention of that revenue under these circumstances is unjust and inequitable because Defendants used illegal, deceptive, and unfair business practices to induce or force customers to open, purchase, and/or maintain services and products.

60.    Because Defendants' retention of the non-gratuitous benefits conferred on it by Plaintiff and class members is unjust and inequitable, Defendants must pay restitution to Plaintiff and members of the Class for its unjust enrichment, as ordered by the Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on his own behalf, and on behalf of the Class Members, prays for judgment as follows:

## CLASS CERTIFICATION:

1.    For an order certifying the proposed Class;

2.    That Plaintiff be appointed as the representative of the Class; and

3.    That counsel for Plaintiff be appointed as Class Counsel.

## AS TO ALL CAUSES OF ACTION:

1.     For an order finding in favor of Plaintiff and the Class Members on all counts asserted herein;

2.     For an order declaring that Defendants' conduct violates the statutes referenced herein;

3.    For all actual, consequential, statutory and incidental losses and damages, according to proof;

4.    For attorneys' fees, where permitted by law;

5.    For an injunction enjoining Defendants violative conduct;

6.    For prejudgment interest on all amounts awarded;

7.    For costs and suit herein incurred; and

8.    For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff MANDI HANIFEN, individually and as the representative of a class of similarly-situated persons, hereby demands a jury trial.

Respectfully submitted June 25, 2017,


By:    /s/ Bonner C. Walsh
       BONNER C. WALSH
       Idaho State Bar ID Number 9646
       WALSH PLLC
       PO Box 7
       Bly, Oregon 97622
       bonner@walshpllc.com
       Phone 541.359.2827
       Facsimile 866.503.8206


       MARK J. GERAGOS (pending *pro hac vice*)
       BEN J. MEISELAS (pending *pro hac vice*)
       Geragos & Geragos, APC
       Historic Engine Co. No. 28
       644 South Figueroa Street
       Los Angeles, California 90017
       geragos@geragos.com
       Phone 213-625-3900

       Attorneys for Plaintiff MANDI HANIFEN,
       individually and as the representative of a
       class of similarly-situated persons.